FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**BEST MEDICAL INTERNATIONAL INC.**, a Virginia Corporation; **HUESTIS MACHINE CORP.**, a Rhode Island Corporation; **GUNSTON HALL REALTY**, a Virginia Corporation; **BEST INDUSTRIES INC.**, a Virginia Corporation and **KRISHNAN SUTHANTHIRAN**, an individual,

*Plaintiffs*,

v.

**WELLS FARGO INC., N.A.**, as successor in interest to **WACHOVIA BANK, N.A.** and **J. KENT THOMPSON**, an individual,

*Defendants*.

Civil Action No. 1:10CV988 (LO/TRJ)

## NOTICE OF REMOVAL

Defendants Wells Fargo Bank, N.A., successor-by-merger to Wachovia Bank, National Association ("Wells Fargo")[1] and J. Kent Thompson (collectively "Defendants"), by counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submit this Notice of Removal.

Removal is proper because this Court has subject matter jurisdiction over this action under diversity jurisdiction pursuant to 28 U.S.C. § 1332.

### STATEMENT OF GROUNDS OF REMOVAL

**I.  Background**

1. On or about August 3, 2010, Plaintiffs Best Medical International, Inc., Huestis Machine Corp., Gunston Hall Realty, Best Industries, Inc., and Krishnan Suthanthiran

---

[1] Plaintiffs named "Wells Fargo Inc., N.A., as successor in interest to Wachovia Bank, N.A." as the defendant. There is no such legal entity. The proper party defendant is Wells Fargo Bank, N.A., successor-by-merger to Wachovia Bank, National Association.

(collectively "Plaintiffs") filed a Complaint (hereinafter "Complaint") against Defendants in the Circuit Court of Fairfax County, Virginia. A copy of the Complaint filed in state court is attached hereto as **Exhibit A**. Copies of all other process, pleadings, and orders served on Defendants are attached hereto as **Exhibit B.**

2. Upon information and belief, Defendant Wells Fargo received a copy of the Complaint by certified mail on August 7, 2010, and Defendant J. Kent Thompson was served personally with the Complaint on August 10, 2010. The purported service by certified mail on Wells Fargo is not proper under the applicable rules of civil procedure.

3. This notice of removal is being filed within one (1) year of the date of commencement of the action for removal purposes.

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

5. Plaintiffs' claims arise out of their default under certain secured term loans and lines of credit made by Defendant Wells Fargo to Plaintiffs which became due and payable in full on January 1, 2010, by virtue of a Waiver and Amendment Agreement dated July 31, 2009. Plaintiffs maintain that their obligations under the Waiver and Amendment Agreement were unnecessarily onerous and claim that Wells Fargo wrongly denied Plaintiffs the opportunity to further extend the loan obligations in view of the lengthy lending relationship between the parties. Plaintiffs assert that Wells Fargo's confession of judgment against the borrowing entities and guarantors was retaliatory and in response to Plaintiff Krishnan Suthanthiran's assertion that the Bank's refusal to continue or extend the lending relationship after default was the result of racial and/or national origin discrimination. Plaintiffs purport to assert the following causes of action against Defendants:

    a.    COUNT ONE: Violation of the Virginia Equal Credit Opportunity Act (Compl., ¶¶ 23-30);

    b.    COUNT TWO: Fraud and/or Constructive Fraud (Compl., ¶¶ 31-38);

    c.    COUNT THREE: Equitable Estoppel (Compl., ¶¶ 39-50); and

    d.    COUNT FOUR: Breach of Contract/Duty of Good Faith and Fair Dealing (Compl., ¶¶ 51-55).

6. Defendants deny the allegations in the Complaint, deny that Plaintiffs have stated a claim for which relief may be granted, and deny that Plaintiffs have been damaged in any manner. Defendants further deny that defendant J. Kent Thompson is a proper defendant and maintain that he is a nominal party and/or has been fraudulently joined to defeat diversity jurisdiction. No basis for individual liability has been alleged against defendant Thompson.

## II.  Diversity Jurisdiction

### A.  Diversity jurisdiction exists over Plaintiffs' claims.

1. This Court has original diversity jurisdiction over Plaintiffs' lawsuit pursuant to 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441. All requirements for such jurisdiction are met.

2. 28 U.S.C. § 1332 provides that district courts have original jurisdiction over lawsuits where there is complete diversity between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

3. The amount in controversy requirement well exceeds $75,000, exclusive of interest and costs. Plaintiffs seek at least $1,000,000.00 in damages and seek, among other things, to "invalidate" the Waiver and Amendment Agreement, which would eliminate Wells Fargo's security interest for loans in excess of $12 million.

4. As set forth below, the citizenship status of the parties is also completely diverse.

5. Plaintiff Best Medical International, Inc. is a Virginia corporation, (Compl., ¶ 1), and its principal place of business is in Springfield, Virginia.

6. Plaintiff Huestis Machine Corporation is a Rhode Island corporation, (Compl., ¶ 2), and its principal place of business is in Rhode Island.

7. Plaintiff Gunston Hall Realty, Inc. is a Virginia corporation, (Compl., ¶ 3), and its principal place of business is in Springfield, Virginia.

8. Plaintiff Best Industries, Inc. is a Virginia corporation, (Compl., ¶ 4), and its principal place of business is in Springfield, Virginia.

9. Plaintiff Krishnan Suthanthiran is a resident of Fairfax County, Virginia. (Compl., ¶ 5).

10. Defendant, Wells Fargo, is a national banking association with its main office located in Sioux Falls, South Dakota, as designated in its articles of association. For the purposes of 28 U.S.C. § 1332(a)(1), Wells Fargo is deemed to be a citizen of the State of South Dakota pursuant to 28 U.S.C. § 1348. *See* Office of Comptroller of Currency, *National Banks Active as of 7/31/10*, available at http://www.occ.treas.gov/foia/Name_St_City.pdf. On March 20, 2010, Wachovia Bank, National Association merged into Wells Fargo.

11. Defendant J. Kent Thompson is an officer and employee of Wells Fargo and a citizen of Virginia. Defendant Thompson, however, is both a nominal party and/or has been fraudulently joined as a defendant. Therefore, his citizenship is irrelevant in determining diversity. Furthermore, there is no basis alleged in the Complaint that would give rise to individual liability.

12. Thus, complete diversity of citizenship exists between the parties.

**III.   Venue**

13.   Venue is proper in this Court because this district and division encompass the Circuit Court of Fairfax County, the forum from which the case has been removed. *See* 28 U.S.C. § 1441; 28 U.S.C. § 1446(a).

**IV.   Notice**

14.   Concurrent with the filing of this Notice, Defendants will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Fairfax County. A copy of the Notice of Filing of Notice of Removal is attached hereto as **Exhibit C**.

15.   Defendants reserve the right to amend their Notice of Removal and/or oppose any amendment of Plaintiffs' Complaint that would add any non-diverse defendant(s), destroying this Court's diversity jurisdiction.

16.   If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, Defendants Wells Fargo Bank, N.A., as successor-by-merger to Wachovia Bank, N.A. and J. Kent Thompson, by counsel, hereby remove this action to this Court.

**WELLS FARGO BANK, N.A., as successor-by-merger to WACHOVIA BANK, NATIONAL ASSOCIATION**

**J. KENT THOMPSON**

By: _____
Of Counsel

Mary Catherine Zinsner, Esq. (VSB #31397)
S. Mohsin Reza, Esq. (VSB #75347)
TROUTMAN SANDERS LLP

5

1660 International Drive, Suite 600
McLean, VA 22102-3805
Telephone: 703-734-4334
Facsimile: 703-734-4340
mary.zinsner@troutmansanders.com
mohsin.reza@troutmansanders.com


Jon S. Hubbard, Esq. (VSB #71089)
TROUTMAN SANDERS LLP
1001 Haxall Point
P.O. Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1406
Facsimile: (804) 698-5186
jon.hubbard@troutmansanders.com

*Counsel for Defendants Wells Fargo Bank, N.A.,
as successor-by-merger to Wachovia Bank,
National Association and J. Kent Thompson*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of August, 2010, a true and correct copy of the foregoing Notice of Removal was sent via regular U. S. Mail, postage prepaid, and electronic mail to the following:

>Shawn R. Weingast, Esquire
>General Counsel, Best Industries, Inc.
>Ruth Bergin, Esquire
>7643 Fullerton Road
>Springfield, Virginia 22153
>*Counsel for Plaintiffs*

>_____
>Mary Catherine Zinsner, Esq. (VSB #31397)
>S. Mohsin Reza, Esq. (VSB #75347)
>TROUTMAN SANDERS LLP
>1660 International Drive, Suite 600
>McLean, VA  22102-3805
>Telephone: 703-734-4334
>Facsimile:  703-734-4340
>mary.zinsner@troutmansanders.com
>mohsin.reza@troutmansanders.com
>
>*Counsel for Defendants Wells Fargo Bank, N.A.,*
>*as successor-by-merger to Wachovia Bank,*
>*National Association and J. Kent Thompson*